979 F.2d 858
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Damian THOMPSON, Defendant-Appellant.
 No. 91-2268.
 United States Court of Appeals, Tenth Circuit.
 Nov. 9, 1992.
 
 Before JOHN P. MOORE, LAY* and STEPHEN H. ANDERSON, Circuit Judges.
 ORDER AND JUDGMENT**
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 Richard Damian Thompson appeals the sentence of eighteen months' incarceration and two years of supervised release imposed by the district court following Thompson's plea of guilty to one count of mail fraud, 18 U.S.C. § 1341, in connection with a telemarketing scheme. He contends that his sentence constitutes an incorrect application of the Sentencing Guidelines because: (1) plea agreements between defendants and the government are binding on the probation officer preparing the presentence report even though the agreement expressly states it is not binding on the court; therefore (2) the presentence report on Thompson breached Thompson's Memorandum of Understanding with the government when it calculated loss to victims at $48,000 instead of $7,850 as stipulated by the government, and ignored the government's recommendation of probation;[1] (3) the district court uncritically adopted the presentence report without adequate analysis or review, and without making findings; (4) the district court failed to take Thompson's Memorandum of Understanding with the government into account with respect to the amount of loss and Thompson's relative culpability, and make findings justifying a departure from the agreement; and (5) the proceedings violated Thompson's "reasonable expectations" arising from his Memorandum of Understanding with the government.
 
 
 2
 We reject these arguments. The written understanding Thompson had with the government expressly stated it was not binding on the court. The Sentencing Guidelines provide that nonbinding recommendations may be accepted by the Court. U.S.S.G. § 6B1.2(b). Furthermore, the Sentencing Guidelines also expressly provide that the court is not bound to accept stipulations between defendants and the government. U.S.S.G. § 6B1.4(d), p.s., comment. "Court" includes the probation officer preparing the defendant's presentence report for the court. 18 U.S.C. § 3552; United States v. Rogers, 899 F.2d 917, 921 (10th Cir.1990); U.S.S.G. § 6A1.1, p.s.
 
 
 3
 Counsel conceded at oral argument that the district court read the presentence report, and there is nothing to show that the court was not fully advised. And, the court did in fact make adequate findings on the record. See Tr. at 6-7; 18 U.S.C. § 3553.
 
 
 4
 The sentence imposed by the district court is AFFIRMED.
 
 
 
 *
 The Honorable Donald P. Lay, Sr. Judge, U.S. Court of Appeals, Eighth Circuit, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 This court affirmed the use of the $48,000 figure in the appeal of Thompson's codefendant. See United States v. Gennuso, 967 F.2d 1460 (10th Cir.1992)