UNITED STATES COURT OF APPEALS
**Filed 6/4/96**
FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RONALD A. BARKER,

Defendant-Appellant.

No. 95-3262
(D.C. No. 95-CR-20005)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-appellant Ronald A. Barker appeals the imposition of a fifteen-month prison sentence upon him pursuant to his guilty plea to one count of making a false entry on the books of the Leavenworth National Bank (Leavenworth Bank or Bank). Defendant argues that the district court erred when it included interest paid by the Bank to its customers in the loss calculation for sentencing purposes under U.S.S.G. § 2F1.1. The appellant brought this appeal challenging his sentence pursuant to 18 U.S.C. § 3742. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Defendant was a trust officer at the Bank. In 1977, along with other investors, he purchased some land using a line of credit from a Missouri bank. When the Missouri bank encountered financial difficulties, defendant and his partners transferred title to the land into a limited partnership. Defendant then caused $160,000 of Leavenworth Bank trust funds to be used to purchase sixteen units of the limited partnership. The proceeds from the sale of these units were used to pay off the line of credit at the Missouri bank. Defendant did not disclose his involvement in the partnership to the Leavenworth Bank, and the investment was listed on the books of the Leavenworth Bank as a corporate bond. The investment was similarly listed as a corporate bond in at least one individual account summary.

Upon discovery of this deception, the Comptroller of the Currency cited the Leavenworth Bank for a violation of 12 C.F.R. § 9.12, which prohibits self dealing by financial institution employees. In order to correct the violation, the Bank was offered options by the Comptroller, one of which was to "[f]ully disclose the nature of the conflict

2

in writing and make all accounts whole for their principal investment and for a reasonable rate of return. The rate of return should reflect the nature of the individual accounts." Appellant's App. at 54.

The Leavenworth Bank eventually paid over $104,000 in interest to the trust accounts which had been affected by defendant's actions, based on the interest rate then earned by an A-rated corporate bond. The district court included that amount in determining the loss calculation for sentencing purposes.

Factual findings made by the sentencing court are reviewed under a clearly erroneous standard while disputed legal issues are reviewed de novo. United States v. Levy, 992 F.2d 1081, 1083 (10th Cir. 1993). We review a district court's determination of loss for clear error; the factors a district court may consider in computing the amount of loss, however, are reviewed de novo. United States v. Fox, 999 F.2d 483, 485 (10th Cir. 1993).

"In determining the offense level for a crime of fraud or deceit such as [defendant's], the district court is required to set a dollar value on the victims' loss." United States v. Wilson, 993 F.2d 214, 217 (11th Cir. 1993); see also United States v. Gennuso, 967 F.2d 1460, 1462 (10th Cir. 1992). Courts must measure loss by reference to § 2B1.1, governing larceny, embezzlement and other types of theft. See U.S.S.G. § 2F1.1, comment. (n.7). The commentary to § 2B1.1, which is to be interpreted according to its plain and ordinary meaning, see Wilson, 993 F.2d at 217, defines "loss" as "the value of the property taken." U.S.S.G. § 2B1.1, comment (n.2). Actual loss is determined by measuring "'how much

better off the victim would be but for the defendant's fraud.'" United States v. Haddock, 12 F.3d 950, 961 (quoting United States v. Kopp, 951 F.2d 521, 531(3d Cir. 1991)).

Defendant cites case law and commentary to support his contention that the interest paid by the Bank was incorrectly included in the loss calculation. However, all of the cases cited by defendant, whether allowing interest in a loss calculation or not, involve victims who could reasonably claim some expectation that they would have or could have earned interest on the principal lost through the defendants' deceit. See, e.g., United States v. Allender, 62 F.3d 909 (7th Cir. 1995), cert. denied, 116 S. Ct. 781 (1996); United States v. Hoyle, 33 F.3d 415 (4th Cir. 1994), cert. denied, 115 S. Ct. 949 (1995); United States v. Goodchild, 25 F.3d 55 (1st Cir. 1994); United States v. Lowder, 5 F.3d 467 (10th Cir. 1993); United States v. Bailey, 975 F.2d 1028 (4th Cir. 1992). In arguing that interest should not be included in the loss, defendant characterizes the payment by the Leavenworth Bank as interest the victims could have earned. Appellant's Br. at 17. Defendant misapprehends the identity of the victim in this case.

Because the individual trust customers were made whole by the Leavenworth Bank, they were not victimized by defendant's fraud. The Leavenworth Bank, however, incurred significant losses because of defendant's activities. See United States v. Barrett, 51 F.3d 86, 89 (7th Cir. 1995)(holding that title company employer was a victim and that illegal activity of company's employee would not be attributed to it in determining victim status under

4

§ 2F1.1)[1]. Here, the Bank, not the individual trust account holders, was the entity damaged by defendant; the Leavenworth Bank did not have any expectation that its relationship with defendant would result in interest payable to it. Therefore, the discussion of whether the losses incurred by the Leavenworth Bank were interest and whether investors had been promised interest is irrelevant to the resolution of this case.

A determination of loss requires us to assess the impact of defendant's deceit on the individual victim. United States v. Johnson, 971 F.2d 562, 576 (10th Cir. 1992). The only victim here was the Leavenworth Bank which was required by the Comptroller of the Currency to rectify the effect of defendant's fraud by paying reasonable interest to its trust customers. We agree with the district court that the total amount of the loss was $122,441.63 which included the interest paid by the Leavenworth Bank to its customers. This loss was directly attributable to defendant's unlawful actions and was a direct loss properly included in the loss calculation. See United States v.Gottfried, 58 F.3d 648, 652 (D.C. Cir. 1995).[2]

Defendant argues in the alternative that, if the payment by the Bank is characterized as a fine or a penalty, it is then in the nature of consequential damages and excludable from

---

[1]    There is no evidence that the Bank knew of defendant's unlawful activity. In fact, the evidence is to the contrary. See Appellee's Supp. App. at 5, ¶ 20.

[2]    The Comptroller of the Currency gave the Bank two other options for remedying defendant's violation. The fact that the Bank chose the option involving payment of interest does not diminish the mandatory nature of the Comptroller's requirement. Defendant will not be heard to argue that the Bank's choice of solutions to rectify the problems he caused should not be attributable to him.

the loss calculation. We disagree. We acknowledge that consequential damages, except in a few instances inapplicable to this case, are not to be included in the calculation of loss for purposes of § 2F1.1. See United States v. Daddona, 34 F.3d 163, 171-72 (3d Cir.)(quoting United States v. Marlatt, 24 F.3d 1005, 1007 (7th Cir. 1994)), cert denied, 115 S. Ct. 515 (1994). This policy prevents a sentencing proceeding from becoming a tort or contract action, id., and promotes uniformity in sentencing, Wilson, 993 F.2d at 217. In this case, however, there is no question of the amount of the loss and that the loss to the Leavenworth Bank is directly attributable to defendant's actions. There was no "onerous factfinding" required of the district court, see id., to arrive at an accurate loss amount. The $122,441.63 paid out by the Leavenworth Bank is "'the amount of money the victim has ended up losing at the time of sentencing, not what it could have lost.'" Haddock, 12 F.3d at 961 (quoting Kopp, 951 F.2d at 531). Because the Leavenworth Bank was required to reimburse its investors for the principal amount plus a reasonable rate of return, that total amount was the Bank's actual loss and was the amount properly included by the district court in its loss calculation.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge

6