**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 18 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

vs.

ELLEN KAY COOK,

     Defendant - Appellant.

No. 98-6215
(D.C. No. 98-CR-4)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

---

Ms. Cook appeals from her 27-month sentence for mail fraud arising from an embezzlement scheme where the victim was a charitable organization (a local United Way) and the actual loss was $177,314.76. See 18 U.S.C. § 1341; USSG 2F1.1 (1997). She challenges an upward departure under the Sentencing Guidelines. See 18 U.S.C. § 3553(b); USSG 5K2.0. The district court departed

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

two levels from an offense level of 14 (15-21 months) to 16 (21 to 27 months) and ordered full restitution.  The departure was based upon the following findings:  (1) a consequential loss of $40,000 not reflected in the Guidelines amount, (2) the embezzlement was part of an effort to conceal another offense, (3) the embezzlement from a charity affects the public welfare, and (4) the ultimate victims, the beneficiaries of the charity, were particularly vulnerable.  Ms. Cook challenges each of the grounds and contends that none make this case atypical.  Our jurisdiction arises under 29 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  We affirm.

We review a departure under the Sentencing Guidelines under a unitary abuse of discretion standard.  See Koon v. United States, 518 U.S. 81, 96-100 (1996).  Although we do not defer to the district court's resolution of questions of law, we defer to its resolution of factual matters, including its judgment that based upon all of the circumstances, a departure is warranted because the case is atypical.  See id. at 98-100.   An appellate court reviewing an upward departure will ordinarily consider:

> (1) whether the factual circumstances supporting a departure are permissible departure factors; (2) whether the departure factors relied upon by the district court remove the defendant from the applicable Guideline heartland thus warranting a departure, (3) whether the record sufficiently supports the factual basis underlying the departure, and (4) whether the degree of departure is reasonable.

United States v. Collins, 122 F.3d 1297, 1303 (10th Cir. 1997).  We consider

these factors in the context of the challenges raised by Ms. Cook.

Ms. Cook first argues that a departure under USSG § 5K2.5 is improper because the amount of the loss was taken into account within USSG § 2F1.1(b)(1) (Fraud and Deceit) and any other loss would be too speculative. The district court reasoned that although $177,000 was embezzled from the charity, the charity also sustained a $40,000 consequential loss because it was ineligible to participate in a federal and state fund drive due to auditing irregularities caused by Ms. Cook. Specifically, to conceal her embezzlement, Ms. Cook engaged in fraudulent financial reporting on behalf of the charity, including materially false financial statements and a bogus independent auditor's report.

Under USSG § 2F1.1, "loss is the value of the money, property or services unlawfully taken; it does not, for example, include interest the victim could have earned on such funds had the offense not occurred." USSG § 2F1.1 commentary at n.7; see also USSG § 2B1.1 commentary at n.2. Unless specifically referenced, see USSG § 2F1.1 commentary at n.7(c), consequential damages are not included in the loss calculation. See United States v. Izydore, 167 F.3d 213, 223 (5th Cir. 1999); United States v. Daddona, 34 F.3d 163, 172 (3d Cir. 1994); United States v. Marlatt, 24 F.3d 1005, 1007-08 (7th Cir. 1994); United States v. Newman, 6 F.3d 623, 630 (9th Cir. 1993); see also United States v. Barker, 89 F.3d 851, 1996 WL 294141, * 2 (10th Cir. 1996) (unpublished). Thus, the consequential loss

involved here was not included in the specific offense characteristics of USSG § 2F1.1(b)(1).

An upward departure is possible where "the loss determined under subsection [2F1.1] (b)(1) does not fully capture the harmfulness and seriousness of the conduct." USSG § 2F1.1 commentary at n.10. A departure pursuant to § 5K2.5 for property damage or loss beyond that taken into account within the Guidelines is legally permissible where consequential damages would otherwise not be considered. See United States v. Flinn, 987 F.2d 1497, 1505 (10th Cir. 1993). Insofar as the amount of the consequential loss, the district court's finding of $40,000 is contained in the presentence report and supported by the record. Although Ms. Cook objected, the district court's finding is not clearly erroneous.

The district court also departed based upon USSG § 5K2.9 (Criminal Purpose) which allows for departure "[i]f the defendant committed the offense in order to facilitate or conceal the commission of another offense." Ms. Cook argues she did not commit the offense to conceal another crime. The district court found that "although [theft] might not be the precise or accurate legal term; she did take money that wasn't hers, belonging to her mother, and took money from United Way in order to conceal that offense and reimburse her mother." Aplt. App. tab 6 at 7. Ms. Cook concedes that she removed funds as a cosigner from her mother's joint account and ultimately replaced them with the charity's

funds, yet she contends that she was legally entitled to withdraw the funds. See Aplt. Br. at 19. Merely because Ms. Cook was able to withdraw the funds from a joint account at the bank, see Okla. Stat. Ann. tit. 6, § 901 (West 1996), does not mean that she was incapable of embezzlement, defined as "the fraudulent appropriation of property by a person to whom it has been entrusted," Okla. Stat. Ann. tit. 21, § 1451 (West 1983). To the contrary, the evidence suggests that Ms. Cook fraudulently appropriated her mother's funds, and attempted to restore those funds by appropriating funds from the charity. An embezzlement from one party to conceal a separate embezzlement from another would be a sufficient predicate for departure. See United States v. Ogbeide, 911 F.2d 793, 796 (D.C. Cir. 1990).

The district court also departed upon the basis of USSG § 5K2.14 (Public Welfare), which may apply "[i]f national security, public health, or safety was significantly endangered." The district court acknowledged that the title applied more than the text, but reasoned that because the offense was against a charity, as opposed to a profit making institution, the public welfare was affected. Although we have held that security, public health and safety concerns need not be national in scope under § 5K2.14, see United States v. Flinn, 18 F.3d 826, 830 (10th Cir. 1994), the district court made no finding of "significant endangerment" necessary to invoke this section. It does not apply in these circumstances merely because

the public welfare may be affected by a reduction in the charity's funding ability.

The district court determined that while the charity itself was not a vulnerable victim warranting a two-level enhancement, see USSG § 3A1.1(b), the ultimate beneficiaries of the charity were. Ms. Cook correctly points out that general class status, without particularized findings, is an insufficient basis for the enhancement. See United States v. Creech, 913 F.2d 780, 781-82 (10th Cir. 1990). Although the ultimate beneficiaries did not incur direct financial losses due to the mail fraud in this case, USSG § 3A1.1 is not so narrow–a "vulnerable victim" enhancement is possible where the targets or instrumentalities of the criminal activity are unusually vulnerable, even if the loss would be borne by another entity. See United States v. Lee, 973 F.2d 832, 833-34 (10th Cir. 1992); see also United States v. Borst, 62 F.3d 43, 46-48 (2d Cir. 1995). We need not decide the outer limits of § 3A1.1, because the sentencing transcript indicates that the district judge referenced the "vulnerable victim" enhancement to augment the § 5K2.14 public welfare departure (which we reject)[1] and by way of analogy for the degree of departure. See Flinn, 987 F.2d at 1505.

The district court did not abuse its discretion in applying the facts to the

---

[1] Pairing USSG § 5K2.14 with the vulnerable victim enhancement, § 3A1.1, does not result in an "unmentioned" factor available for departure because both items are expressly considered in the Guidelines. See United States v. Rybicki, 96 F.3d 754, 757-58 (4th Cir. 1996) (discussing "unmentioned" factors).

permissible bases of departure, USSG §§ 5K2.5 and 5K2.9, and concluding that this case was removed from the heartland. The record completely supports the district court's findings that this embezzlement scheme, undertaken at least in part to conceal another breach of trust, resulted in a consequential financial loss to the victim, to say nothing of the non-financial loss. Although the district court did not rely upon it, the presentence report also indicates that the charity spent considerable sums on accountants and lawyers to reconstruct and recover some of the loss.

Finally, the degree of departure was clearly explained in the context of the need for deterrence where the offense so affects the public trust, "that others who look at what happens to you will be discouraged from doing the same thing. People who deal with other people's money often have way too many opportunities to take it for their own, and I think it's important that they know what happens when they do." Aplt. App. tab 6 at 10-11. Although the district court also discussed several discouraged or impermissible factors, see USSG §§ 5H1.2 (education), 5H1.5 (employment record), 5H1.6 (family ties), 5H1.10 (socio-economic status), these remarks[2] were opinion, and we are satisfied that

_____

[2] The district court remarked:

> It is all too common in this court that people are sentenced to 10 and 20-year sentences even though they have no prior record because they're involved in drugs. The Sentencing Commission and

they did not furnish the implicit grounds for the departure because the district court then discussed "the proper part of sentencing," with emphasis on deterrence. Aplt. App. tab 6 at 10; see also Collins, 122 F.3d at 1308-09. In determining the degree of departure, the district court noted that including the consequential loss would increase the offense by one level, but that would not be adequate. Increasing the offense level by two levels, or six months, was hardly unreasonable.

Where a district court has relied on both permissible and impermissible factors for a departure, we are not required to remand if satisfied that the district

---

Congress has [sic] seen fit to make those sentences extremely high. I am somewhat inured to the giving of long sentences because of the predominance of drug cases in this court, and that may work to your disadvantage, because in you I see a person who has been given all of the advantages in life: You come from a family that supports you; you've had [a college] education; you had a good job; and you chose to violate the law and to violate the trust of a number of people, and, indeed, an entire community. In my view, that should result in a much more onerous sentence than you are eligible to receive under the guidelines.

Aplt. App. tab 6 at 10. Similar factors have been rejected as a basis for downward departures. See United States v. Miller, 146 F.3d 1281, 1285 (11th Cir. 1998) ("Certainly the defendant's superior education, military performance, and intelligence are exceptional. But these are not characteristics upon which a [downward] departure can be based.") (footnote omitted), cert. denied, 119 S. Ct. 915 (1999); United States v. Drew, 131 F.3d 1269, 1270 (8th Cir. 1997) ("Departures on unmentioned grounds should be highly infrequent."); United States v. Talk, 13 F.3d 369, 371 (10th Cir. 1993). Likewise, they should not be the basis of an upward departure. See United States v. Barone, 913 F.2d 46, 50 (2d Cir. 1990).

court would impose the same sentence without reliance on the improper factor. See Koon, 518 U.S. at 113; United States v. Whiteskunk, 162 F.3d 1244, 1250 (10th Cir. 1998). We think the district court would impose the same sentence, even without relying upon USSG § 5K2.14 and the vulnerable victim methodology.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge