United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1540MN

_____

United States of America,        *

                                 *

           Appellant,     *     Appeal from the United States

                                 *     District Court for the District of

   v.                       *     Minnesota.

                                 *

James Allen Kapitzke,       *

                                 *

           Appellee.     *

_____

Submitted: October 21, 1997
Filed:

_____

Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

FAGG, Circuit Judge.

James Allen Kapitzke was apprehended after he exposed himself in front of a thirteen-year-old girl inside a department store. In Kapitzke's truck and home, police found pictures of nude children and computer files showing children engaged in sex acts with each other and with adult men. Kapitzke, a computer programmer, had downloaded the computer files from the Internet. The Government charged Kapitzke with one count of unlawful possession of child pornography in violation of 18 U.S.C. § 2252(a)(4) (1994), and Kapitzke pleaded guilty. Application of the U.S. Sentencing Guidelines Manual (Guidelines or U.S.S.G.) resulted in a sentencing range of fifteen to twenty-one months, but the district court departed downward based on several

mitigating circumstances under U.S.S.G. § 5K2.0.  The court sentenced Kapitzke to nine months of confinement at a facility with release privileges for work and treatment, five years of probation, and payment of a mandatory special assessment.  The Government appeals.  We vacate Kapitzke's sentence and remand to the district court.

A district court cannot depart downward from the applicable Guidelines range unless the court finds a "mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the [G]uidelines."  18 U.S.C. § 3553(b) (1994); U.S.S.G. § 5K2.0 (1995).  When assessing whether the Sentencing Commission adequately considered a potential basis for departure, courts focus on whether the factor is addressed by the Guidelines, policy statements, or official commentary.  See 18 U.S.C. § 3553(b); Koon v. United States, 116 S. Ct. 2035, 2044 (1996).  In these sources, the Commission forbids consideration of a few grounds for departure, discourages or encourages use of some specific grounds, and does not mention others.  See Koon, 116 S. Ct. at 2045.  If use of a certain factor is discouraged, or encouraged but already taken into account in the applicable guideline, then departure is permissible "only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present."  Id.  Likewise, if the Commission has not mentioned a factor, then departure on that basis is proper only when the circumstances of the case are atypical, considering the structure and theory of the Guidelines.  See id.  We must give substantial deference to a district court's decision to depart from the Guidelines.  See id. at 2046.  With these principles in mind, we turn to the district court's reasons for departing in Kapitzke's case.

At the sentencing hearing, the court stated it was "going to sentence [Kapitzke] to permit [him] to continue to work because [his] family needs the support," and if the court sentenced Kapitzke to prison, the court "could have just as well issued a divorce decree."  Kapitzke argues his imprisonment would place a "terrible financial burden" on his wife, who would be left to support their two children alone as best she could.

We conclude no departure is warranted on these grounds. Family ties and responsibilities are discouraged factors that warrant departure only if present to an exceptional degree. See id. at 2045. Kapitzke has not shown his family's circumstances are substantially different from those facing families of any other defendant about to be incarcerated. See United States v. Rodriguez-Velarde, No. 96-2292, 1997 WL 640618, at *2-3 (10th Cir. Oct. 17, 1997); see also id. at *1 (four-part analysis for reviewing departure decisions). Even if divorce is an unmentioned rather than a discouraged factor, "the disintegration of existing family life or relationships . . . is to be expected when a family member engages in criminal activity that results in a period of incarceration." United States v. Canoy, 38 F.3d 893, 907 (7th Cir. 1994). Because Kapitzke failed to show his family ties and responsibilities are exceptional, the district court abused its discretion in relying on this factor to grant a downward departure from the applicable Guidelines range.

The district court also believed Kapitzke would be susceptible to abuse in prison because of the nature of his offense. Susceptibility to abuse in prison justifies departure only in extraordinary circumstances. See United States v. Belt, 89 F.3d 710, 714 (10th Cir. 1996); see also Koon, 116 S. Ct. at 2053. Kapitzke's mere membership in a class of offenders that may be targeted by other inmates cannot make his case extraordinary. See United States v. Rybicki, 96 F.3d 754, 759 (4th Cir. 1996) (district court cannot depart based on extraordinary punishment merely because police officers as a class suffer disproportionate problems when incarcerated); see also Koon, 116 S. Ct. at 2053 (district court could depart based on susceptibility to abuse in prison given "extraordinary notoriety and national media coverage of this case, coupled with the defendants' status as police officers"). Otherwise, every child pornographer would be eligible for a departure, thwarting the Guidelines' sentences for that sort of crime. We do not believe pornographers as a class are entitled to more favorable treatment under the Guidelines. See Rybicki, 96 F.3d at 759. We doubt that Congress or the Sentencing Commission meant to protect pornographers "as a group from the otherwise universally applicable effects of incarceration on convicted criminals." Id. In

-3-

Kapitzke's case, the district court identified nothing special about the factual circumstances beyond his classification as a child pornographer. Kapitzke's average physique and good health do not make him "exceedingly vulnerable to . . . victimization." United States v. Long, 977 F.2d 1264, 1277 (8th Cir. 1992) (approving departure based on defendant's frail health); see United States v. Lara, 905 F.2d 599, 601, 605 (2d Cir. 1990) (approving departure based on defendant's diminutive size, immature appearance, and bisexual orientation). The record does not support departure based on susceptibility to abuse in prison, and the district court abused its discretion in relying on this reason for departure.

Another ground for departure, postoffense rehabilitation, is listed as one of the ways a defendant may show acceptance of responsibility warranting a reduction of the defendant's offense level. See U.S.S.G. § 3E1.1 commentary app. n.1(g). Because the acceptance of responsibility guideline takes postoffense rehabilitation efforts into account, departure under section 5K2.0 is warranted only if the defendant's efforts are exceptional enough to be atypical of cases in which the acceptance of responsibility reduction is usually granted. See United States v. Sally, 116 F.3d 76, 80 (3d Cir. 1997); United States v. Brock, 108 F.3d 31, 35 (4th Cir. 1997); United States v. Simpson, 7 F.3d 813, 819 (8th Cir. 1993). Thus, a defendant convicted of receiving child pornography may be entitled to a downward departure based on extraordinary rehabilitative efforts. See United States v. Barton, 76 F.3d 499, 503 (2d Cir. 1996); United States v. Studley, 907 F.2d 254, 259 (1st Cir. 1990); see also United States v. Shasky, 939 F. Supp. 695, 697-700 (D. Neb. 1996).

In keeping with the Government's recommendation, the district court granted Kapitzke the maximum three-level reduction of his offense level for acceptance of responsibility under section 3E1.1. In addition, the district court concluded departure under section 5K2.0 was warranted because Kapitzke had made "extraordinary post-offense efforts at rehabilitation," and had shown "guilt and regret for his conduct beyond that normally seen by the Court." Kapitzke had entered sex offender and

chemical dependency treatment about a week after his May 1996 arrest. By the time of his sentencing eight months later, Kapitzke had made significant progress. The district court recognized that after an indecent exposure conviction eight years earlier, Kapitzke had been treated without success. To address its concerns about the sincerity of Kapitzke's remorse and the future correction of his behavior, the district court sentenced Kapitzke to the maximum term of probation, leaving the district court with the option to impose incarceration if Kapitzke's probationary accomplishments are illusory and merely staged to gain a favorable sentence.

> In explaining its reasons for departure, the district court stated:

> [Kapitzke] has been attending regularly both a sex offender therapy program and an intensive chemical dependency program while working full-time. He has recently completed his chemical dependency treatment successfully and has maintained sobriety since then. [Kapitzke] entered both treatment programs voluntarily and before he was aware that federal charges would be filed against him. The fact that he entered one or both of these programs on advice of counsel does not detract from his rehabilitative efforts. The Court is heartened to learn that [Kapitzke] has received excellent progress reports from both programs. His counselors report that he has accepted his addictions and is determined to regain control of his life and keep his family intact. . . . The Court is also impressed by the continued support that [Kapitzke] receives from his family and friends, particularly his wife. This support is essential to [Kapitzke's] continued recovery.

Statement of Reasons for Imposing Sentence at 4.

The district court relied on several documents submitted by Kapitzke in support of his downward departure motion. In a December 1996 progress report, the director of Kapitzke's sex offender treatment program reported he was "extremely impressed" with Kapitzke's efforts. Kapitzke had attended some type of therapy or support group almost every night, including weekly group therapy sessions, semi-monthly individual

therapy sessions, and family therapy as needed. The director estimated Kapitzke could complete treatment in two years, followed by regular participation in an aftercare group. The director believes Kapitzke has a high probability of success, but a prison sentence could have a negative effect on his treatment's continuity. In a January 1997 progress report, the director explained that Kapitzke now views therapy as a method of permanently changing his behavior and putting his family back together rather than as a means to escape the criminal justice system. Similarly, in a discharge summary dated January 21, 1997, Kapitzke's chemical dependency counselor stated that in his seven years of experience, he had never had a client work harder than Kapitzke, and Kapitzke "appears to be committed to sobriety and continued recovery." The counselor stated Kapitzke's prognosis is "very good" if he maintains contacts with the program. Finally, a physician with twenty years of experience in the field of addiction medicine had evaluated Kapitzke for both treatment programs and had seen him two other times. In a January 1997 letter to the district court, the physician stated Kapitzke has shown an "extraordinary desire to recover from all of his addictions, as well as an extraordinary willingness to do whatever is necessary to achieve that end." The physician described Kapitzke's recovery up to that point as "truly outstanding."

Although we are not persuaded that Kapitzke's postoffense rehabilitation "remove[s] [Kapitzke's] case from the heartland in which the acceptance of responsibility guideline was intended to apply," Sally, 116 F.3d at 80, we are dealing with a fact-based judgment call that falls within the district court's sentencing discretion, and we are not permitted to substitute our judgment for that of the sentencing court, see Koon, 116 S. Ct. at 2046. On this record, we cannot say the district court abused its discretion in finding Kapitzke's rehabilitation efforts are extraordinary. Thus, Kapitzke's rehabilitation efforts are a permissible basis for a departure from the Guidelines.

Last, the district court believed Kapitzke's incarceration would jeopardize his continued rehabilitation. The district court acknowledged it did not know any specifics

about sex offender treatment programs in federal prison, however.  Having reviewed the entire record, we conclude there is no factual basis for departure on this ground.

In sum, the district court based its departure from the applicable Guidelines range on some invalid factors and one valid factor.   We cannot tell whether the district court would have departed based only on Kapitzke's postoffense rehabilitation efforts after already giving Kapitzke the maximum reduction for acceptance of responsibility. Because we do not know that the district court would impose the same sentence absent the invalid departure factors, we remand for resentencing.  See Koon, 116 S. Ct. at 2053-54.

MORRIS SHEPPARD ARNOLD, Circuit Judge, concurring and dissenting.

I agree that this case must be remanded to the district court for a new decision on the question of whether a departure in Mr. Kapitzke's case is warranted.  But I do not agree that Mr. Kapitzke's susceptibility to abuse in prison is not a matter that the district court can properly weigh in making that decision.  In fact, in Koon the Court said that a defendant's susceptibility to abuse was "just the sort of determination that must be accorded deference by the appellate courts."  116 S. Ct. at 2053.  In Koon, moreover, the district court did not have any record from which to conclude that the defendants in that case were susceptible to abuse; it merely took judicial notice of the "widespread publicity and emotional outrage" that the case had generated.  In this case, the district court simply took judicial notice of some other well known fact..

Despite the misgivings of the court in this case, I see no realistic possibility that allowing departures in these kinds of cases runs the risk of "thwarting the Guidelines' sentences" for crimes like Mr. Kapitzke's.  I am not suggesting that courts must always depart in these kinds of cases, only that we cannot properly hold that it is error to do so. The government, for its part, can always offer proof of its efforts, if any, to protect persons convicted of these kinds of crimes.  In any event, I see no difference in

allowing a departure because of Mr. Kapitzke's classification as a child pornographer," as the court puts it, and allowing one where the defendant is a policeman, a factor to which the Court in <u>Koon</u> alluded in upholding a departure for susceptibility to abuse. Both kinds of cases involve classifications of a kind.

I therefore respectfully dissent from the portion of the court's opinion that holds that the district court erred in relying on Mr. Kapitzke's susceptibility to abuse in prison in departing from the sentence that the Guidelines presumptively fixed for his crime.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.