United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 97-2528WM

United States of America,           *
                                    *
                   Appellant,       *      Appeal from the United States
                                    *      District Court for the Western
        v.                          *      District of Missouri.
                                    *
Barry Robert Drew,                  *
                                    *
                   Appellee.        *

_____

Submitted:  December 8, 1997
Filed:  December 22, 1997

_____

Before FAGG, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

FAGG, Circuit Judge.


Federal agents conducting an undercover investigation of child pornographers placed an advertisement on the Internet. Hailing "fellow pedophiles," the ad touted a videocassette series featuring "preteen" girls. Barry Robert Drew responded to the advertisement, requesting more information. After several communications over the course of a few weeks, he ordered a video described as showing twelve- and thirteen-year-old girls engaged in certain sex acts. When the video was delivered, Drew signed for the package. During a search of Drew's apartment a few minutes later, officers found the tape in Drew's videocassette recorder and over 3000 files on Drew's

computer containing pictures of preteen girls posing nude or engaging in sex acts. Drew admitted he knew receipt of the videocassette was illegal.

Drew pleaded guilty to receiving child pornography in violation of 18 U.S.C. § 2252(a)(2) (1994). Although application of the U.S. Sentencing Guidelines Manual (Guidelines or U.S.S.G.) resulted in a sentencing range of fifteen to twenty-one months, the district court departed from the Guidelines range based on "mitigating circumstance[s] of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the [G]uidelines." 18 U.S.C. § 3553(b) (1994); U.S.S.G. § 5K2.0 (1995). The district court sentenced Drew to two years of home confinement and five years of probation. The Government appeals Drew's sentence, asserting the district court abused its discretion in departing from the Guidelines. See Koon v. United States, 116 S. Ct. 2035, 2046-47 (1996) (standard of review). Because we agree with the Government, we vacate and remand for resentencing.

To justify the departure, the district court relied on Drew's high intelligence and candidacy for a doctoral degree in chemistry. Because the Guidelines discourage the use of education as a ground for departure, see U.S.S.G. § 5H1.2, departure on this ground is permissible only in exceptional cases, see Koon, 116 S. Ct. at 2045. Similarly, because the Guidelines do not mention a defendant's intelligence as grounds for departure, a district court can depart only if the factor makes the defendant's case atypical. See id. Departures on unmentioned grounds should be highly infrequent. See id. Federal prisons house many doctors, lawyers, and other intelligent, educated people who chose to commit crimes. Thus, high intelligence and advanced education are not in themselves unusual enough to warrant departure. Cf. United States v. Lauzon, 938 F.2d 326, 333 (1st Cir. 1991) (rejecting departure based on defendant's low intelligence).

The district court also departed because the court believed Drew's conviction had collateral consequences not found in the usual case. Specifically, the district court noted the likelihood that Drew's conviction disqualified him from working as a forensic chemist for a law enforcement office as Drew had dreamed. The district court also said Drew "may . . . [have] forfeited his chance to obtain his doctorate. That may or may not be the case." Although the Guidelines do not forbid the use of career loss or disqualification as a departure factor, a defendant's case must be atypical to warrant departure. See Koon, 116 S. Ct. at 2052. Because it is not unusual for a convicted felon to be barred from work in law enforcement, Drew's possible disqualification is insufficient to warrant a downward departure. See id.; United States v. Rybicki, 96 F.3d 754, 759 (4th Cir. 1996). As for Drew's education, his own testimony shows expulsion from his doctoral program is wholly speculative, and interruption of an inmate's education during incarceration is not unusual. We thus conclude the collateral consequences of Drew's incarceration do not justify departure.

The district court also believed Drew would be vulnerable to abuse in prison. Susceptibility to abuse by fellow inmates justifies departure only in extraordinary cases. See United States v. Kapitzke, No. 97-1540MN, slip op. at 3-4 (8th Cir. Dec. xx, 1997). To support departure for extraordinary susceptibility, a district court cannot simply rely on a defendant's status as a child pornographer, but must identify something exceptional about the facts of the case. See id. Other than the nature of Drew's offense, the district court pointed only to Drew's naivete as making him vulnerable to abuse in prison. Even if Drew is an inexperienced twenty-six-year-old, there is no reason to believe Drew is exceedingly vulnerable to victimization given his average size and good health. See id.; cf. United States v. Long, 977 F.2d 1264, 1277 (8th Cir. 1992) (approving departure based on defendant's frail health); United States v. Lara, 905 F.2d 599, 601, 605 (2d Cir. 1990) (approving departure based on defendant's diminutive size, immature appearance, and bisexual orientation). We conclude the record does not support departure based on extraordinary susceptibility to abuse.

The Government contends the district court erroneously relied on two other grounds for departure, aberrant behavior and the fact that Drew did not produce child pornography. Because Drew asserts the district court did not rely on these grounds, we need not consider whether they support departure in this case. <u>See</u> <u>United States v. Wind</u>, No. 97-1810MN, 1997 WL 709977, at *2-3 (8th Cir. Nov. 17, 1997) (rejecting failure to commit more serious pornography offense and aberrant behavior as grounds for departure).

In sum, the district court abused its discretion in departing from the Guidelines sentence. We thus vacate Drew's sentence and remand for resentencing.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.