Raul RAMIREZ–ESPINOZA, Movant,

v.

UNITED STATES of America, Respondent.

No. 2:99–CV–79–W.

United States District Court,
D. Utah,
Central Division.

Aug. 6, 1999.

Raul Ramirez–Espinoza, Movant Three Rivers, TX, pro se.

Mark K. Vincent, Assistant United States Attorney, Salt Lake City, UT, for respondent.

ORDER ADOPTING REPORT AND RECOMMENDATION AND SUPPLEMENTAL REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AND ORDER DENYING MOVANT'S MOTION TO VACATE HIS SENTENCE PURSUANT TO 28 USC § 2255

WINDER, Senior District Judge.

This court having made a *de novo* review of the Report and Recommendation

dated June 25, 1999, and the Supplemental Report and Recommendation of the Magistrate Judge, dated July 6, 1999, both of which recommend that the movant's motion to vacate his sentence pursuant to 28 USC § 2255 be denied; and the court having made, in fact, a de novo review of the entire file in this matter; and this court now adopting in full both the Report and Recommendation and the Supplemental Report and Recommendation; and good cause appearing,

IT IS HEREBY ORDERED that this court does hereby adopt in full the Report and Recommendation and the Supplemental Report and Recommendation, and the court DENIES the movant's motion to vacate his sentence pursuant to 28 USC § 2255.

## REPORT & RECOMMENDATION

BOYCE, United States Magistrate Judge.

Raul Ramirez Espinoza, a federal inmate confined at FCI, Three Rivers, Texas, has made a motion to vacate his sentence under 28 USC § 2255. He contends counsel was ineffective on two grounds. First, counsel did not move for a downward departure based on the fact that movant consented not to contest deportation. The movant was convicted on a plea of guilty under 8 USC § 1326 on a charge of illegal reentry of a deported alien. The movant was sentenced to a term of imprisonment of 77 months,.

Second, movant contends counsel was ineffective for not moving for a three point downward adjustment for acceptance of responsibility under USSG § 3E1.1. Movant's USSG score was over 16 points.

■ Finally, the movant makes a vague reference to 8 USC § 1252(h). However, that provision gives the Attorney General authority to allow deportation of an alien prior to the termination of his imprisonment and prior to release from confinement. However, that authority is within the discretion of the Attorney General and movant may not seek a remedy in this court for relief under 8 USC § 1252(h) on a motion to vacate under 28 USC § 2255. *Davis v. United States,* 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). This court has no jurisdiction to consider such an issue.

Therefore, there are two issues subject to 28 USC § 2255 before the court on defendant's motion to vacate, both based on ineffectiveness of counsel.

The case has been referred to the magistrate judge under 28 USC § 636(b)(1)(B). This report and recommendation is submitted pursuant to the reference on the defendant's motion to vacate.

### *Discussion*
### *Adjustment for Acceptance of Responsibility*

The movant contends his counsel was ineffective in not moving for a three point downward adjustment for acceptance of responsibility, The movant and the prosecution entered into a plea agreement whereby defendant was to be recommended for "full credit" for acceptance of responsibility under USSG § 3E1.1. The presentence guideline calculation, in the presentence report, show the movant was given three points for acceptance of responsibility. This adjustment set the guideline range, along with other calculations, at 77–96 months. Movant was sentenced at the low end of the guideline range to 77 months imprisonment. There is no merit to movant's claim. He received the three point adjustment and the plea bargain was followed. Movant's contention is frivolous since he did receive three points for acceptance of responsibility and counsel was not ineffective.

### *Downward Departure for Voluntary Deportation*

Movant was convicted of illegal reentry of a deported alien under 8 USC § 1326. He had been deported on three prior occasions and had a prior aggravated felony conviction under 18 USC § 1326. The maximum possible sentence was twenty years imprisonment. Movant entered into

a plea bargain and in exchange for his plea of guilty and voluntary waiver of deportation, as a condition of supervised release, the government recommended movant receive full credit for acceptance of responsibility and be sentenced at the low end of the guideline range. The government made the recommendations as to sentence and the court accepted the recommendations and sentenced the defendant accordingly. Movant now contends that defense counsel was incompetent for not, in addition to the plea bargain, asking the court to go beyond that agreement and depart downward under authority of USSG § 5K2.0. In fact movant, by his plea bargain, received the benefit of his voluntary departure in exchange for the government's recommendations.

USSG § 5K2.0 allows the court to depart downward from the sentencing guideline range, pursuant to 18 USC § 3553(b), if "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that *should* result in a sentence different from that described." (Emphasis added).

 In *Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) the Supreme Court somewhat loosened the standards for application of this provision, over prior law, but said "[b]efore a departure is permitted, certain aspects of the case must be found *unusual* enough for it to fall outside the heartland of cases in the applicable guideline." The court went on to state:

To resolve this question, the district court must make a refined assessment of the many facts bearing on the outcome, informed by its vantage point and day-to-day experience in criminal sentencing. Whether a given factor is present to a degree not adequately considered by the Commission, or whether a discouraged factor nonetheless justifies departure because it is present in some unusual or exceptional way, are matters determined in large part by comparison with the facts of other Guidelines cases. District courts have an institutional advantage over appellate courts in making these sorts of determinations, especially as they see so many more Guidelines cases than appellate courts do.

518 U.S. at 98, 116 S.Ct. 2035. (Emphasis added).

It is not a proper consideration that a situation is in the heartland "but whether the *particular* factor is within the heartland given *all* the facts of the case." Id. at pp. 99–100, 116 S.Ct. 2035 (Emphasis added). What the district court must determine is whether the [conduct] that occurred in the particular instance suffices to make the case "atypical." Id. at p. 100, 116 S.Ct. 2035. The considerations are as to factual matters. Id.

In addition, USSG § 5K2.0 recognizes the issue of departure is to be resolved on a case specific basis (policy statement).

The requisite standards for departure since *Koon* were recently addressed in *U.S. v. Dominguez–Carmona*, 166 F.3d 1052 (10th Cir.1999). In that case the court said:

In determining whether the Commission adequately considered certain factors, a court may " 'consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission.' " *Koon*, 518 U.S. at 92, 116 S.Ct. 2035, 135 L.Ed.2d 392 (quoting § 18 U.S.C. 3553(b)). "In these sources, the Commission forbids consideration of a few grounds for departure, discourages or encourages use of some specific grounds, and does not mention others." United States v. Kapitzke, 130 F.3d 820, 822 (8th Cir.1997). Where the commission has forbidden consideration of a ground for departure, the district court may not consider the factor in its decision to depart downward. See *Koon*, 518 U.S. at 93, 116 S.Ct. 2035, 135 L.Ed.2d 392. Where the Commission discourages use of a specific ground for departure, departure based on that ground is permissible "only if

the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." Id. at 96, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392. Finally, where a ground for departure is not mentioned in the Guidelines, departure on that basis is appropriate only where, in light of the structure and theory of the guidelines, the ground takes the case outside the "heartland" of cases considered by the guidelines. Id. 166 F.3d at 1056, 1057.

In this case, consent to deportation is not forbidden by the guidelines. It is also not discouraged. Therefore, the third factor in the departure analysis is applicable as to whether in this case the consent to deportation takes the matter outside of the "heartland" of cases considered under the guidelines. This requires a consideration as to whether the particular circumstances of the movant are *unusual* enough to justify a downward departure.

■ In this regard, it should be noted that 8 USC § 1326 prohibits reentry of a person legally deported on a prior occasion. Therefore, a person convicted for illegal reentry, would in the overwhelming circumstances of most 8 USC § 1326 prosecutions, have no reasonable basis to avoid deportation. USSG 2L1.2 which applies to the substantive offense in this case, refers to the "previously was deported" defendant. The commentary to the guidelines also refers to deportation.[1] Therefore, merely consenting to deportation would not seem to be outside of the "heartland" of the guidelines.

In addition, defendant's plea bargain with the government as to the sentencing recommendations, in exchange for not contesting deportation, requires a conclusion that, in this case, defendant's request for downward departure beyond that bargained for would not provide an "unusual"

circumstance or an "atypical" situation for which he may benefit by a further departure. The circumstances are not outside the heartland of the guidelines. Therefore, there is no basis for downward departure based on movant's consent to deportation in this case.

The decisions from the federal circuits that have addressed this issue also support a conclusion that there is no basis for departure in this case. Although the Eighth Circuit in *United States v. Cruz–Ochoa*, 85 F.3d 325, 326 (8th Cir.1996) said the district court had "discretion" to depart two levels on a sentence for illegal reentry, the ruling was terse and it contained no analysis. It is contrary to the Tenth Circuit's analysis for consideration of the issue of downward departure. *United States v. Dominguez–Carmona*, supra, and therefore will not be followed.

The court in *United States v. Clase–Espinal*, 115 F.3d 1054 (1st Cir.1997) carefully considered the issue of downward departure, under USSG § 5K2.0, for a defendant convicted of a violation of 8 USC § 1326(a) who was also subjected to the aggravated felony enhancement. The United States Attorney, pursuant to Justice Department instruction, had recommended a downward departure based on defendant's willingness to stipulate to deportation. The trial judge refused to depart as matter of law. The Court of Appeals agreed that the departure urged by defendant was not forbidden or discouraged in the guidelines, but agreed with the district court that it was insufficient, as a matter of law, to warrant a downward departure. The court said it was far fetched to assume the Sentencing Commission had overlooked the "central reality that in all likelihood deportation would occur by normal operation of law as a matter of course." Id. at p. 1057. The court said it was quite clear the Sentencing Commis-

---

1. Commentary 3 indicates a criminal history upward departure may be warranted with "prior instances of deportation." Defendant was deported three times and had two prior convictions for reentry. § 2L1.2 Commen-

tary 3 and USSG 4A1.3 were not mentioned in the presentence report. However, defendant otherwise had a Category VI history in any event.

sion would have considered that an alien convicted of unlawful reentry subsequent to deportation, with an aggravated felony, would be deported again. Id. The court looked to a similar expression in *United States v. Ceja–Hernandez,* 895 F.2d 544, 545 (9th Cir.1990) (per curiam). The court in *Clase–Espinal,* concluded:

> We therefore conclude that the Sentencing Commission was fully cognizant that virtually all alien criminal defendants, convicted under § 8 U.S.C. 1326(a) and sentenced pursuant to § U.S.S.G. 2L1.2, would be subjected to deportation and that many undoubtedly would stipulate to deportation. Accordingly, we hold, at least in the absence of a colorable, nonfrivolous defense to deportation, that the proffered ground for departure under § U.S.S.G. 5K2.0 does not constitute a mitigating circumstance of a kind not adequately considered by the Commission.

115 F.3d at 1059.

The Third Circuit, in *United States v. Marin–Castaneda,* 134 F.3d 551 (3rd Cir. 1998) concluded the district court lacked authority to depart downward on defendant's willingness to consent to deportation. The court relied on *Clase–Espinal* and *United States v. Flores–Uribe,* 106 F.3d 1485, 1486 (9th Cir.1997).

Most recently, the Second Circuit in *United States v. Galvez–Falconi,* 174 F.3d 255, (2d Cir.1999) ruled that consent to deportation would not provide a basis for downward departure for a defendant convicted under 8 USC § 1326 unless the defendant presented a colorable, nonfrivolous defense to deportation. There had to be "exceptional circumstances." The movant in this case has not made such a showing. Therefore, the weight of case authority is contrary to the defendant's contention that he had a basis for disclosure departure.[2]

The movant's claim fails under the standard of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applicable to determining the alleged effectiveness of counsel's conduct. Movant has not shown counsel's conduct, in not moving for a downward departure, was not reasonably effective or undermined the proper functioning of the adversary process or that the sentencing produced an unjust result.

■ In addition, movant would have to show prejudice from any ineffectiveness of counsel. He has shown none. There is no showing of a reasonable probability the sentencing outcome would have been different if a motion for downward departure had been made, based on consent to deportation. Defendant's plea bargain, his prior extensive criminal record in this country, his prior convictions for the same offense, and prior deportations, make it very unlikely that any downward departure would have been granted. The movant's sentence, under the totality of the circumstances, was arguably lenient. There is no basis for relief due to the claim of ineffectiveness of counsel.

### Conclusion

The movant's motion to vacate his sentence, pursuant to 28 USC § 2255, should be **Denied.**

Copies of the foregoing Report and Recommendation are being mailed to the parties who are hereby notified of their right to object to the same. The parties are further notified that they must file any objections to the Report and Recommendation, with the clerk of the court, pursuant to 28 USC § 636(b), within ten (10) days after receiving it. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

### SUPPLEMENTAL REPORT AND RECOMMENDATION

The magistrate judge previously submitted a report and recommendation finding that movant's counsel was not ineffective for not moving for a downward departure where, as a condition of supervised release, the movant consented to deportation. The

---

**2.** Research has not disclosed a Tenth Circuit case.

conclusion was that for several reasons this was not a basis for downward departure.

The court now believes there is an additional reason which supports the conclusion that a downward departure is not outside of the heartland of 8 USC § 1326 and the USSG based on a defendant's consent to deportation as a condition of supervised release and provide no basis for downward departure. 18 USC § 3583(d) provides:

> If an alien defendant is subject to deportation, the court may provide, as a condition of supervised release, that he be deported and remain outside the United States, and may order that he be delivered to a duly authorized immigration official for such deportation.

See also Comment, *Judicial Deportation Under 18 USC § 3583(d): A Partial Solution to Immigration Woes?*, 64 Univ. Chi. L.Rev. 653 (1997).

With Congress specifically authorizing the deportation of a defendant as a condition of supervised release, it would be unreasonable to assume a defendant who stipulates to what Congress has authorized would be entitled to an additional downward departure. Therefore, there could be no ineffectiveness of counsel in failing to move for downward departure.

The Court's original conclusion that movant's motion to vacate should be denied remains in effect.

Copies of the foregoing Report and Recommendation are being mailed to the parties who are hereby notified of their right to object to the same. The parties are further notified that they must file any objections to the Report and Recommendation, with the clerk of the court, pursuant to 28 USC § 636(b), within ten (10) days after receiving it. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

July 6, 1999.