# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3535

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Eastern |
| Kelvin Newlon, | * | District of Missouri. |
| | * | |
| Appellee. | * | |

_____

Submitted: April 11, 2000

Filed: May 8, 2000

_____

Before RICHARD S. ARNOLD, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

We believe that this appeal raises a single issue, namely, whether the district court[1] erred in departing from the federal sentencing guidelines based on the atypical rehabilitative efforts of the defendant, Kelvin Newlon. We hold that the district court did not so err and we therefore affirm the judgment.

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

Mr. Newlon was charged with being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1), § 924(a)(2), and possessing an unregistered sawed-off shotgun, *see* 26 U.S.C. § 5845(a)(2), § 5861(d), § 5871, and pleaded guilty to the first charge. Although his resulting guidelines range was 110 to 120 months of imprisonment, *see* U.S.S.G. § 5G1.1(c)(1), the district court granted Mr. Newlon's motion for a downward departure and sentenced him to a term of 90 months. The district court did so because of "the extraordinary effort made by Mr. Newlon under the circumstances and considering his IQ and home and environmental circumstances." The "extraordinary effort" to which the district court presumably had reference was that Mr. Newlon, prior to his arrest on the federal charges, had, at his own request, over a period of about 20 days spent approximately 85 hours in a program aimed at treating his alcohol and narcotic addictions. His state probation officer indicated that he was "doing well," his counselor reported that he had a sincere desire for treatment, and his family noted a marked improvement in his behavior and attitude.

In order to be entitled to a departure, Mr. Newlon was obligated to show that those efforts were "exceptional enough to be atypical of the cases in which the acceptance-of-responsibility reduction is usually granted," *United States v. DeShon*, 183 F.3d 888, 889 (8th Cir. 1999). While we might have reached a different conclusion, we discern no abuse of discretion on the part of the district court in determining that Mr. Newlon's rehabilitative efforts were atypical, *see United States v. Kapitzke*, 130 F.3d 820, 824 (8th Cir. 1997), especially when we recall that the Supreme Court has instructed that a "district court's decision to depart from the Guidelines ... will in most cases be due substantial deference, for it embodies the traditional exercise of discretion by a sentencing court," *Koon v. United States*, 518 U.S. 81, 98 (1996).

The government points out that the district court's remarks in support of its decision to depart could be taken to indicate that the court departed on the basis of Mr. Newlon's IQ and home and environmental circumstances as well as his

rehabilitative efforts. Such considerations are, in the language of *Koon*, *id.* at 95, "discouraged factors," and not ordinarily relevant to the determination of a sentence. *See* U.S.S.G. § 5H1.3, § 5H1.12 (each a policy statement).

We are inclined to agree with the government that the facts of this case could not support a conclusion that Mr. Newlon's IQ and environmental circumstances sufficed to take his case outside the heartland of those for which the guidelines were intended, and were we convinced that the district court based its departure partly on these considerations, we might well remand for resentencing with directions to eliminate them from the calculus. *See Williams v. United States*, 503 U.S. 193, 203, 206 (1992). But we are not so convinced. We believe, instead, that the district court adverted to these otherwise extraneous matters merely by way of indicating some of the reasons why it thought Mr. Newlon's rehabilitative efforts were atypical. That being so, we are of the view that the district court did not resort to improper considerations in fixing Mr. Newlon's sentence and thus we see no need for remand.

Finding no abuse of discretion in the district court's decision to depart from the sentencing guidelines, we affirm the judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.