# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1513

_____

United States of America,         *
                                                 *

            Appellee,           *
                                                 *

            v.                   * Appeal from the United States
                                                 * District Court for the

Rudolph W. Underwood, also known    * Eastern District of Arkansas.
as Rudy Underwood,                *

                                                   *        [UNPUBLISHED]

           Appellant.          *

_____

Submitted: February 7, 2001
Filed: March 1, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

After a jury found Rudolph Underwood guilty of bank fraud, in violation of 18 U.S.C. § 1344, the district court[1] sentenced him at the bottom of the applicable Guidelines range to 24 months imprisonment and 5 years supervised release. Underwood appeals, challenging the district court's refusal to grant his motion to depart downward based on the effect his incarceration would have on his two minor children. We affirm.

_____

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

At sentencing, Underwood presented testimony that he had been awarded custody of the two children following his divorce from their mother, he was highly involved in their lives, and the children's mother did not visit the children regularly, had inflicted corporal punishment on them, and had "an uncontrollable temper." Noting that "the Guidelines expressly forbid" consideration of family circumstances, the district court denied Underwood's motion to depart.

We lack jurisdiction to review a district court's discretionary decision not to depart from the Guidelines. When a district court believes it lacks power to exercise discretion, however, we have "jurisdiction either to confirm or reject the sentencing court's conclusion that it lacked authority to depart." United States v. Evidente, 894 F.2d 1000, 1005 (8th Cir.), cert. denied, 495 U.S. 922 (1990). Given the district court's references to being forbidden from departing, we conclude that the court believed it lacked authority.

While the Guidelines do not altogether forbid departure based on family circumstances, the Commission has instructed in its policy statements that "[f]amily ties and responsibilities and community ties are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." USSG § 5H1.6, p.s. After carefully reviewing the record, we are convinced that the circumstances here would not support a downward departure because Underwood has not presented the type of exceptional family circumstances that would make his case different from the ordinary circumstances facing a family in which a parent is about to be incarcerated. See United States v. Koon, 518 U.S. 81, 96 (1996); United States v. Kapitzke, 130 F.3d 820, 822 (8th Cir. 1997) (reversing downward departure to defendant who argued his incarceration would place financial burden on wife to support their children and would cause wife to divorce him; defendant did not show his family's circumstances were substantially different from those facing family of any other defendant about to be incarcerated); United States v. Harrison, 970 F.2d 444, 447-48 (8th Cir. 1992) (downward departure not permissible even though defendant's incarceration would

result in her grandchild, whom she had adopted and for whom she alone had been caring, being put in custody of defendant's adult daughter who allegedly abused drugs and alcohol).

Accordingly, we affirm the judgment of the district court. We also grant the government's motion to strike the supplemental appendix, and we deny Underwood's pending pro se motions.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.