**UNITED STATES of America,**

v.

**Louis P. CORRADI, III, Appellant.**

No. 01–2261.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Jan. 17, 2002.

Filed Feb. 12, 2002.

Before RENDELL, FUENTES and

MAGILL,* Circuit Judges.

## MEMORANDUM OPINION

RENDELL, Circuit Judge.

Louis P. Corradi III appeals the District Court's denial of a downward departure based on his susceptibility to abuse while in prison, as well as its denial of a departure based upon his extraordinary family ties and circumstances.

■ The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction to review the final order of the District Court under 28 U.S.C. § 1291. Furthermore, we have jurisdiction pursuant to 18 U.S.C. § 3742(a)(1), (2), because this ruling involved a determination by the District Court as to whether the facts were such that a departure was called for under the guidelines. We will review the District Court's ruling for an abuse of discretion. See *United States v. Jacobs*, 167 F.3d 792, 798 (3d Cir.1999).

■ The District Court assessed Corradi's physical characteristics: Corradi is apparently of slight build, weighing 160 pounds, and is 5′5″ tall. He pled guilty to possession of visual depictions of a minor engaged in sexually explicit conduct. While Corradi contended that he was immature and behaves in a way that "exudes vulnerability and inexperience," the District Court, who had the opportunity to observe Corradi, did not find that the circumstances warranted a departure. The court stated: "I don't find that Mr. Corradi is particularly vulnerable to abuse in prison, and it is certainly not present to such an extreme that his confinement would be much more severe than the norm."

■ This type of departure has been held to be justified only in extraordinary circumstances. See *United States v. Wilke*, 156 F.3d 749, 753–4 (7th Cir.1998); *United States v. Drew*, 131 F.3d 1269, 1271 (8th Cir.1997). It is clear to us that the District Court did not abuse its discretion in denying a departure on these grounds.

■ We find Corradi's argument with respect to the departure based on family circumstances to be similarly flawed. Based on the record before us, we conclude that the District Court determined that the facts were not outside the "heartland." Even though Corradi contended that he had "been a help" to his parents by taking them to their medical appointments, and had also helped with the shopping, and some housekeeping, this was not "a strong type showing." The District Court viewed his evidence as "a little vague, both as to what I will refer to as quality and quantity." The court noted that this was not a case like *United States v. Gaskill*, 991 F.2d 82 (3d Cir.1993), in which the defendant's parents were ill and essentially unable to do anything for themselves.

The District Court even granted Corradi additional time to provide a more complete record but found that even the additional submissions did not present what was necessary. Specifically, the District Court noted:

> What is required is a showing that efforts to secure other caretakers were made, that other caretakers were unavailable, that the taxis and social services agencies that are available to transport people in need of medical services to the providers are not available. Unquestionably, it is preferable for Mr. Corradi's mother to have him perform all these services, simply because he is her son. But that isn't that is not the standard, as to whether it is preferable.

* Honorable Frank J. Magill, United States Circuit Judge for the Eighth Circuit, sitting by designation.

The standard is far stricter. And I don't find that [the investigator's report] meets the standard.

Accordingly, I will not depart downward based upon the extraordinary family circumstance arguments that have been made.

The District Court applied the proper principles and the relevant law regarding the "extraordinary" circumstances required. Only where the family circumstances are truly extraordinary should this exception be permitted. *United States v. Sweeting*, 213 F.3d 95, 100–101 (3d Cir.), *cert. denied* 531 U.S. 906, 121 S.Ct. 249, 148 L.Ed.2d 180 (2000). The District Court did not abuse its discretion in denying the downward departure requested.

Accordingly, we will affirm the Judgment and Commitment Order of the District Court.